# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TALOR NOELLE SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-CV-0551-CVE-FHM |
| | ) |
| JOHN MELFI, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court are plaintiff's complaint (Dkt. # 1) and motion for leave to proceed in forma pauperis (Dkt. # 2). Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe her pro se pleading liberally. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). On October 24, 2018, plaintiff filed a pro se complaint using a form provided by the Court Clerk. Plaintiff claims that she admitted herself "to the psych ward at the Muscogee VA" and "something happened that allows [her] brain to be 'read,' 'intruded,' used." Id. at 4. She accuses defendant John Melfi and others of "deception, sexual, mental, physical & emotional abuse," and she has "reason to believe they claim ownership of [her]." Id. at 5. She also states that she "would like to learn more about the situation and a course of action." Id. at 6. Plaintiff asserts that she is a resident of Oklahoma, but the only information provided about the defendant is his name and e-mail address. Id. at 2. Plaintiff does not assert any basis for federal jurisdiction. Id.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir.

1991).  The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction.  McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").  The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue.  The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'"  1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The complaint alleges that plaintiff is a citizen of Oklahoma, but no information is provided about the citizenship of Melfi.  Consequently, there is no basis for the Court to exercise diversity jurisdiction over this case.  The Court will consider whether plaintiff's complaint could be construed to allege a claim arising under federal law.  Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint.  See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).  "The complaint must identify the statutory or constitutional provision under which the claim arises, and

allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)).

The Court has determined, sua sponte, that dismissal of plaintiff's claims against defendant is warranted for lack of subject matter jurisdiction. The Court has considered plaintiff's pro se status and has liberally construed the allegations of the complaint, and the Court finds no basis to exercise federal question jurisdiction over this case. Plaintiff does not cite a federal statute or allege that her constitutional rights were violated, and her complaint cannot be construed to assert a claim under 42 U.S.C. § 1983. Plaintiff's complaint makes no reference to any federal law, and the complaint cannot reasonably be construed to allege a claim supporting the exercise of federal question jurisdiction.

**IT IS THEREFORE ORDERED** that the complaint (Dkt. # 1) is hereby **dismissed without prejudice**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **moot**.

**DATED** this 5th day of November, 2018.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE